```
NEIL A. SMITH (No. 63777)
HOWARD, RICE, NEMEROVSKI, CANADY,
     FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:    415/434-1600
Facsimile:    415/217-5910

Attorneys for Plaintiff
UMBRA, INC.
```

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UMBRA, INC., a New York corporation,<br><br>                         Plaintiff,<br><br>       v.<br><br>ELSA L, INCORPORATED, a California corporation, and TARGET CORPORATION, a Minnesota corporation,<br><br>                         Defendants. | Civil Action No. C 03-1921 MMC<br><br>AMENDED COMPLAINT FOR INFRINGEMENT OF DESIGN PATENT; INFRINGEMENT OF TRADE DRESS; AND UNFAIR COMPETITION |

Plaintiff UMBRA, INC. ("UMBRA"), for its complaint against Defendants ELSA L, INCORPORATED ("ELSA L") and TARGET CORPORATION ("TARGET") alleges:

**INTRODUCTION**

1.   This action arises out of Defendants' marketing, manufacture and sale of picture frames.  The frame sold by Defendants infringes United States Design Patent No. D452,081. Plaintiff UMBRA asserts in this action claims of infringement of its design patent, trade dress infringement, and statutory and common law unfair competition.  Plaintiff seeks injunctive relief enjoining Defendants from selling the infringing and unfairly competing products.  Plaintiff also seeks damages and restitutionary relief.

## PARTIES

2.   UMBRA is a corporation organized and existing under the laws of New York with its principal place of business in, Buffalo, New York.

3.   Plaintiff is informed and believes, and on that basis alleges, that ELSA L INCORPORATED is a California corporation with its principal place of business in San Rafael, California.

4.   Plaintiff is informed and believes, and on that basis alleges, that Target Corporation is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota, which does business in California and this district.

## JURISDICTION AND VENUE

5.   This suit is an action arising under 35 U.S.C. Section 271 and 281 for infringement of a design patent, Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a) for unfair competition and trade dress infringement, and for related claims of unfair competition under California Business and Professional Code Section 17200-17208 and California common law.

6.   This Court has subject matter jurisdiction over the federal patent and federal false representation and false designation of origin claims under 15 U.S.C. Section 1121, 28 U.S.C. Sections 1331 and 1338(a). This Court has subject matter jurisdiction over the remaining claims under 28 U.S.C. Sections 1367(a).

7.   Jurisdiction exists over Defendant ELSA L because Plaintiff is informed and believes, and on that basis alleges, that (a) ELSA L is located and has its principal place of business within this district, and (b) has marketed the infringing products in the State of California, including this district, (c) ELSA L has manufactured and marketed infringing products with the expectation of exploiting business opportunities in the State of California, and (d) committed certain of the tortuous acts complained of herein within California.

8.   Jurisdiction exists over Defendant TARGET because (a) Plaintiff is informed and believes and on that basis alleges that, Defendant TARGET engages in substantial business

1  activities in the State of California and maintains a registered agent for service of process in
2  this State, (b) Plaintiff is informed and believes and on that basis alleges that Defendant has
3  marketed the infringing products and infringed Plaintiff UMBRA's trade dress in the State
4  of California, and (c) committed certain of the tortuous acts complained of herein within
5  California.

6      9.    Venue is proper in this district under 28 U.S.C. Section 1391(b)(2) in that a
7  substantial part of the events giving rise to the claims alleged occurred in this district, and
8  under Sections 1391(b)(1), 1391(c) and 1400(b), in that Defendants are subject to personal
9  jurisdiction in this district.

## FACTUAL ALLEGATIONS

### UMBRA AND ITS PICTURE FRAME PRODUCTS

13      10.    UMBRA is in the business of designing, manufacturing and selling picture
14  frames and other household products.

### THE FLUSH™ frame

16      11.    For many years, since 1986, Plaintiff has been selling distinctive lines of picture
17  frames. Plaintiff's distinctive FLUSH™ brand picture frame, which has been sold for over
18  two years, is used for holding and displaying pictures, but itself is of a pleasing and
19  recognizable design. It has a distinctive design in that it has wide top borders, often one
20  quarter to one third of the whole height of the picture frame, and has no side borders. Thus,
21  while most picture frames will border the entire picture with equal or similar thin or even
22  wide borders, Plaintiff's does not do so, but instead has top and bottom thick borders only,
23  so that the frame becomes itself a recognizable part of the display. In addition the top and
24  bottom borders are of substantially equal height, and are generally flat surfaces, not beveled
25  or slanted surfaces.

26      12.    Certain of the ornamental features of the FLUSH™ frame are embodiments of
27  the design in United States Design Patent No. D452,081 (sometimes herein the "Patent" or
28  "Design Patent") issued to Plaintiff UMBRA on December 18, 2001. A true and correct

1  copy of the Design Patent is attached hereto as Exhibit A.

2      13.   UMBRA is the sole owner of the full rights under the Patent and has the rights to
3  enforce the Patent.

4      14.   In or about 2000, UMBRA began selling the Flush frame, which was
5  immediately successful among the public and buyers for gift and household stores. UMBRA
6  has sold over 125,000 of the Flush frames.

7      15.   Plaintiff has expended substantial effort and expense in developing, promoting
8  and marketing the Flush frame. UMBRA was the first company to manufacture and mass
9  market a frame of this design and the Flush frame line has been very successful and received
10 widespread favorable publicity and notoriety.

11     16.   The overall appearance of the Flush frame is inherently distinctive and
12 nonfunctional. The unique and distinctive appearance of the Flush frame results from a
13 combination of individual features, including, without limitation, the use of wide flat panels
14 on the top and bottom and no side panels.

15     17.   Through UMBRA's and its customers' promotional and advertising efforts,
16 including catalog advertising throughout the United States, sales throughout the world, and
17 pictures of the frames in widely circulated newspapers and/or magazines, the overall
18 appearance of the Flush frame has become widely known and recognized among users of
19 such products, buyers for stores and catalogues, and has acquired secondary meaning.

20     18.   UMBRA has continuously used the overall appearance of the Flush frame in
21 connection with the promotion, advertising and sale of its frames since well before the acts
22 of Defendant complained of herein.

23 **ELSA L'S INFRINGING FRAME**

24     19.   Plaintiff is informed and believes, and on that basis alleges, that ELSA L has
25 been selling and is currently selling in California and in interstate commerce a line of picture
26 frames which infringes the Patent ("ELSA L infringing Frame").

27     20.   UMBRA is informed and believes, and on that basis alleges, that the overall
28 appearance of the ELSA L frames strongly resembles the UMBRA "Flush" frame and that

1  the marketing and sale of such frames by Defendants is likely to confuse consumers,
2  including as to the affiliation, connection and or association of ELSA L with UMBRA, or as
3  to the origin, sponsorship, approval or source of the ELSA L frames.

4  21.  Plaintiff is informed and believes, and on that basis alleges, that the ELSA L
5  infringing frame are virtually identical in appearance to the design claimed in and protected
6  by the Patent.

7  22.  Plaintiff is informed and believes that Defendant TARGET has been selling the
8  ELSA L infringing frames in many of its stores nationwide.

9  23.  Upon information and belief, and upon this basis UMBRA alleges that, ELSA L
10  was aware of UMBRA's Flush line of frames and the popularity and/or fame thereof when
11  marketing and selling its similar and infringing frames to TARGET and others.

12  **TARGET'S TRADEMARK INFRINGEMENT**

13  24.  Plaintiff UMBRA is informed and believes, and on that basis alleges, that
14  TARGET is selling advertising and displaying the ELSA L frames which infringe the patent
15  and trade dress of UMBRA.

16  25.  The sale of the infringing and similar ELSA L frame by TARGET is likely to
17  cause customer confusion, mistake or deception with the FLUSH frames of UMBRA, and to
18  harm UMBRA's ability to market and sell its FLUSH picture frames.

19  26.  ELSA L's infringement of Plaintiff's design patent and trade dress rights threaten
20  to cause considerable damage to Plaintiff, in terms of lost sales, customer confusion and
21  damage to Plaintiff's goodwill.

22  27.  TARGET's infringement of Plaintiff's design patent and trade dress rights
23  threaten to cause considerable damage to Plaintiff, in terms of lost sales, customer confusion
24  and damage to Plaintiff's goodwill.

25

26
   **FIRST CAUSE OF ACTION**
27 **(Design Patent Infringement)**
   **(35 U.S.C. §271)**

28  28.  Plaintiff realleges and incorporates herein by reference each and every allegation

1    of Paragraphs 1 through 27 above as if fully set out herein.

2       29.  Plaintiff is informed and believe, and on that basis alleges, that by reason of
3    Defendants' acts complained of herein, Defendants have infringed and are continuing to
4    infringe UMBRA's Design Patent by making, using, selling, and by inducing others to
5    make, use, and sell, picture frames that incorporate the designs, or colorable imitations
6    thereof, claimed in the Design Patent, without license or permission from UMBRA.

7       30.  Plaintiff is informed and believes, and on that basis alleges, that an ordinary
8    person would be deceived by reason of the features the ELSA L picture frames share in
9    common with the features claimed in the Design Patent.

10      31.  Because of Defendants' conduct, Plaintiff has been irreparably harmed and
11   suffered impairment of the value of its patent rights.  Moreover, Plaintiff will continue to
12   suffer irreparable harm unless Defendant is restrained from infringing the Design Patent.



13      32.  In addition, Plaintiff is entitled, pursuant to 35 U.S.C. Sections 284 and 289, to
14   recover its damages, and all the total profits heretofore realized by Defendants from their
15   infringing conduct.

16      33.  Upon information and belief, and upon this basis UMBRA alleges that,
17   Defendant ELSA L has been aware of design patents owned by Plaintiff UMBRA, including
18   the Design Patent, since before marketing and selling the infringing frames to TARGET,
19   and/or during such sale.  Thus, Defendant ELSA L's acts of infringement have been and are
20   being committed with full knowledge of Plaintiff's rights under the Design Patent, and in
21   willful and wanton disregard thereof, making this an exceptional case under 35 U.S.C.
22   Section 285.

23      34.  Before filing this action, Plaintiff UBMRA gave notice to its claims of
24   infringement and unfair competition to Defendants and requested that they discontinue the
25   infringement and unfair competition, and they refused to do so.

26

27

28

## SECOND CAUSE OF ACTION
### (Trade Dress Infringement)
### (15 U.S.C. §1125(a))

35.  UMBRA realleges and incorporates herein by reference each and every allegation of Paragraphs 1 through 34 above as if fully set out herein.

36.  UMBRA is the owner of all right, title and interest in the trade dress associated with its "Flush" picture frame products.

37.  By using the trade dress of UMBRA's Flush picture frames described above in this complaint, in connection with the creation, distribution, advertising and sale of their similar picture frames, Defendants have created a likelihood that consumers and recipients and viewers, retailers and buyers, will be confused, misled or deceived into believing that Defendants' similar infringing products were produced, distributed, sponsored or endorsed by UMBRA, and/or that the frames of Defendants were made from UMBRA's frames or designs.

38.  Plaintiff UMBRA is informed and believes, and on that basis alleges, that by knowingly and deliberately adopting a trade dress confusingly similar to UMBRA's trade dress, and by selling such infringing products, Defendants have sought to capitalize on the goodwill and reputation that UMBRA enjoys in its picture frames, products, and has intended to capitalize on and profit from buyer, viewer, distributor, retailer and customer likely confusion.

39.  Defendants' sale and marketing of their similar picture frames is a false designation of origin or false description or representation under Lanham Act §443(a), 15 U.S.C. §1125(a).

40.  Because of Defendants' conduct, UMBRA has been irreparably harmed in its business.  Moreover, UMBRA will continue to suffer irreparable harm unless Defendants are restrained and enjoined from infringing UMBRA's trade dress.  No amount of money damages can adequately compensate UMBRA for the injury to its reputation and goodwill.  Thus, UMBRA is entitled to permanent injunctive relief prohibiting Defendants from using the infringing trade dress.

41.   In addition, UMBRA is entitled to recover its damages, all profits heretofore realized by each of the Defendants from their infringing conduct, and UMBRA's costs in this action, pursuant to 15 U.S.C. Section 1117(a).

### THIRD CAUSE OF ACTION
### (Unfair Competition — California Business and Professions Code §§17200 et seq.)

42.   UMBRA realleges and incorporates herein by reference each and every allegation of Paragraphs 1 through 41 above as if fully set out herein.

43.   The foregoing acts and conduct of Defendants herein, including, without limitation, Defendants' causing a likelihood of confusion among the public by using UMBRA's trade dress, constitute unfair, improper and unlawful competition, including unfair business practices, pursuant to California Business and Professions Code Section 17200 et seq., which unfair competition this Court has the authority to enjoin pursuant to California Business and Professions Code Section 17203.

44.   The likely future actions and conduct of Defendants, including, without limitation, the continuing use of UMBRA's trade dress and the likelihood of causing confusion among the public by using UMBRA's trade dress, constitute unfair, improper and unlawful competition, including unfair business practices pursuant to California Business and Professions Code Section 17200 et seq., which threatened unfair competition this Court has the authority to enjoin pursuant to California Business and Professions Code Section 17203.

45.   UMBRA has no adequate remedy at law to protect itself from Defendants' actual or threatened unfair competition, which has caused it, and will continue to cause it, irreparable harm, and therefore UMBRA is entitled to injunctive relief enjoining Defendants' acts of unfair competition.

## FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition)

46. UMBRA realleges and incorporates herein by reference each and every allegation of Paragraphs 1 through 45 above as if fully set out herein.

47. The foregoing acts and conduct of Defendants herein, including without limitation Defendants' causing a likelihood of confusion among the public by using UMBRA's trade dress, constitute unfair, improper, unlawful, and unfair competition, prohibited by the common law of California.

48. UMBRA has no adequate remedy at law to protect itself from Defendants' actual or threatened unfair competition, which has caused it and will continue to cause it irreparable harm, and therefore UMBRA is entitled to injunctive relief enjoining Defendants' acts of unfair competition.

49. UMBRA has suffered damages actually and proximately caused by Defendants' unfair competition including, without limitation, loss of goodwill in the industry, damages, lost sales, and lost opportunities for the sale of UMBRA's frames, and Defendants have been unjustly enriched and profited by the sale of the infringing picture frames.

WHEREFORE, Plaintiff prays for judgment against Defendants ELSA L and TARGET herein as follows:

1. That Plaintiff be awarded damages in an amount to be determined at trial based on Defendants':

    (a) infringement of UMBRA's trade dress in its picture frames;

    (b) infringement of Plaintiff's Design Patent No. D452,081; and

    (c) acts of false designation of origin, false representations and unfair competition;

2. That UMBRA be awarded under 15 U.S.C. Section 1117(a) the total profits received by Defendants from, and any damages sustained by UMBRA as a result of, Defendants' sales of all picture frames infringing UMBRA's trade dress, in an amount to be

1  determined at trial;

2      3.    That UMBRA be awarded under 15 U.S.C. Section 1117(a) enhanced damages
3  up to three times the amount found as actual damages for Defendants' use of UMBRA's
4  trade dress, in an amount to be determined at trial;

5      4.    That Plaintiff be awarded the total profits received by Defendants from the sale of
6  any products infringing Plaintiff's design patent, pursuant to 35 U.S.C. Section 289, in an
7  amount to be determined at trial;

8      5.    That the damages awarded in connection with Defendants' design patent
9  infringement be trebled pursuant to 35 U.S.C. Section 284, in an amount to be determined at
10 trial;

11     6.    That UMBRA be awarded any unjust profits or enrichment obtained by any
12 Defendant as a result of the use of the design and/or trade dress of UMBRA's picture
13 frames, and requests an accounting for such profits by the court.

14     7.    That UMBRA be awarded restitution in accordance with California Business and
15 Professions Code Section 17203, including without limitation, lost profits to UMBRA and
16 any profits made by Defendants;

17     8.    That Defendants be ordered to deliver to UMBRA for destruction all picture
18 frames, labels, signs, prints, packages, wrappers, receptacles, catalogues, marketing
19 materials, or products that bear a trade dress confusingly similar to UMBRA's trade dress, or
20 which result in any unfair competition or infringement by Defendant against UMBRA;

21     9.    That Defendant be ordered to make a written report within a reasonable period, to
22 be filed with the Court, detailing the manner of compliance with the requested injunctive and
23 mandatory relief granted by the Court;

24     10.    That Plaintiff be awarded its reasonable attorney fees and costs of suit under 35
25 U.S.C. Section 285, and UMBRA be awarded its reasonable attorney fees under 15 U.S.C.
26 Section 1117(a); and

27     11.    That Plaintiff be awarded such other relief as the Court may deem just and
28 proper.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*


DATED: June __, 2003.

Respectfully submitted,

NEIL A. SMITH
HOWARD, RICE, NEMEROVSKI, CANADY,
   FALK & RABKIN
A Professional Corporation

By: _____
               NEIL A. SMITH

Attorneys for Plaintiff UMBRA, INC.

WD 060303/1-1476802/1080501/v1

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*